**In re LEAR CORPORATION,
et al., Debtors.**

**The Chamberlain Group, Inc. and Johnson Controls Interiors, LLC, Plaintiffs,**

v.

**Lear Corporation, Defendants.**

**Bankruptcy No. 09–14326 (ALG).
Adv. No. 09–01441 (ALG).
District Court Case No.
09 Civ. 7366(VM).**

United States District Court,
S.D. New York.

Oct. 14, 2009.

**48**

Erin M. Casey, Jeremy M. Downs, Goldberg Kohn Bell Black Rosenbloom & Moritz, Chicago, IL, for Johnson Controls Interiors, LLC.

Karl R. Fink, Fitch, Even, Tabin & Flannery, Chicago, IL, for The Chamberlain Group, Inc.

Steven J. Reisman, Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY, for Leer Corp.

Kenneth A. Rosen, Lowenstein Sandler, P.C., Roseland, NJ, for Official Committee of Unsecured Creditors.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Chamberlain Group, Inc. and Johnson Controls Interiors, LLC (collectively "Plaintiffs") instituted adversary proceeding No. 09–01441 (the "Adversary Proceeding") in the Chapter 11 cases of the Lear Corporation and its affiliated debtors' ("Debtors") on August 19, 2009. Plaintiffs now move pursuant to 28 U.S.C. § 157(d) (" § 157(d)") and Federal Rule of Bankruptcy Procedure 5011(a) for withdrawal of the reference to the United States Bankruptcy Court for the Southern District of New York. Plaintiffs contend that their Adversary Proceeding claims involve significant issues of non-bankruptcy federal patent law and thus require mandatory or permissive withdrawal of the Adversary Proceeding to this Court.

On September 8, 2009, the Debtors filed a motion requesting that the Bankruptcy Court dismiss the Adversary Proceeding because of similar litigation ongoing for over four years in the United States District Court for the Northern District of Illinois. By order of September 24, 2009, the Bankruptcy Court dismissed the Adversary Proceeding based on the first-filed doctrine and principles of abstention.

Withdrawal of the reference to the Bankruptcy Court under § 157(d) may be either mandatory or permissive. Subsection 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). However, a bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw reference pursuant to § 157(d). *See Revere Copper and Brass, Inc. v. Acushnet Co.,* 172 B.R. 192, 195 (S.D.N.Y.1994) ("[P]laintiffs are obviously correct that an affirmative decision on the dismissal motion pending in the Bankruptcy Court would moot the § 157(d) motion presently here"). Here, because the Bankruptcy Court has dismissed the Adversary Proceeding, Plaintiffs' motion to withdraw reference is moot and is thus dismissed.

Accordingly, it is hereby

49

**ORDERED** that the motion (Docket No. 1) of the plaintiffs in the adversary proceeding, the Chamberlain Group, Inc. and Johnson Controls Interiors, LLC, to withdraw reference to the Bankruptcy Court is DISMISSED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**